```
IN THE MATTER OF THE            )   CASE NO. MAG-05-0042 KJM LKK
EXTRADITION OF RONALD           )
BAUTISTA GERONIMO AND           )   [PROPOSED] ORDER
MARIA ROSARIO "JINKY"           )
ABELEDA GERONIMO.               )
                                )
                                )
_____)
```

FILED
MAY 24 2005
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

## ORDER

On or about April 29, 2005, RONALD BAUTISTA GERONIMO ("Ronald Geronimo") and MARIA ROSARIO "JINKY" ABELEDA GERONIMO ("Jinky Geronimo") (collectively "the defendants") appeared in Court for a hearing on their extradition. Hon. Dale A. Drozd, United States Magistrate Judge, presided over the case. Ronald Geronimo and Jinky Geronimo were represented by Caro Marks. The United States was represented by Assistant U.S. Attorney Robin R. Taylor.

During the hearing, the Court informed the defendants of their rights under the extradition treaty in force between the United States and the Philippines, and pursuant to the applicable sections of Title 18, United States Code. The defendants agreed to waive those rights, and petitioned the Court to expedite their return, in custody, to the Philippines.

Ronald Geronimo and Jinky Geronimo stated on the record that:

(1) they were familiar with the extradition treaty in force between the United States and Philippines, the applicable sections of Title 18, United States Code, and the Complaint filed by the United States Attorney for the Eastern District of California on behalf of the Government of the Philippines. The defendants each conceded that they were the individuals against

whom charges were pending in the Philippines and for whom process is outstanding there;

(2) they understood that the Philippines has sought their extradition for charges involving Estafa (Swindling and other Deceits) and violation of Batas Pambansa Blg. 22, (Bouncing Check Law), committed within the jurisdiction of the Philippines. Specifically, it was explained that Ronald Geronimo and Jinky Geronimo collectively, and Jinky Geronimo alone, conspired to defraud, and defrauded others, by use of false pretenses and fraudulent acts in connection with an investment scheme to defraud, and in connection with that scheme the defendants post dated checks and issued bogus checks to pay investors.  It is alleged that this conduct caused losses of approximately P$1,000,000,000 (USD $1,823,819).  The charges were summarized as follows:

A.  **Case No. 02-109046**: On April 22, 2002, an Information was filed against Jinky Geronimo alleging Estafa (Swindling and other Deceits) and violation of Batas Pambansa Blg. 22, (Bouncing Check Law).  This case was filed in the Regional Trial Court of Quezon City, Branch 96, and Pasig City, Branch 167.  An arrest warrant for Jinky Geronimo was issued on May 8, 2002.

B.  **Case No. 1380**: On June 15, 2002, an Information was filed against Ronald Geronimo and Jinky Geronimo for conspiracy, Estafa (Swindling and other Deceits) and violation of Batas Pambansa Blg. 22, (Bouncing Check Law).  This case was also filed in the Regional Trial Court of Quezon City, Branch 96, and Pasig

///

1 City, Branch 167. Arrest warrants were issued for Ronald
2 Geronimo and Jinky Geronimo on July 10, 2002.

3       C. **Case No. 122617**: On or about January 22, 2002, a
4 third Information was filed with the Regional Trial Court of
5 Mamburao, Occidental Mindoro, Branch 44, against Jinky Geronimo
6 alleging Estafa (Swindling and other Deceits) and violation of
7 Batas Pambansa Blg. 22, (Bouncing Check Law). An arrest warrant
8 for JINKY GERONIMO was issued on February 15, 2002; and that

9    (3) they understand that they could not be compelled to be
10 returned to the Philippines, unless and until the Secretary of
11 State of the United States ordered their extradition by issuing a
12 warrant of surrender.

13    At the hearing, each defendant executed a waiver indicating
14 that they were waiving their rights and sought an order of the
15 Court returning them to the Philippines, pursuant to the Treaty,
16 to face trial for the charges listed above, which are also set
17 forth in the request for their extradition.

18    The defendants stated that they were entering the waiver
19 voluntarily, without any promise or threats being made or any
20 other form of inducement or intimidation being exercised on the
21 part of any representatives, officials, or officers of the United
22 States or of the Philippines, or of any person whatsoever.

23    Based on the foregoing, and good cause appearing IT IS
24 ORDERED that Ronald Geronimo and Jinky Geronimo, having executed
25 ///
26 ///
27 ///
28 ///

1 | waivers, should be returned to the Philippines to face trial for
2 | the charges listed above, which are also set forth in the request
3 | for their extradition.

5/24/05

_____
Dale A. Drozd
United States Magistrate Judge
Eastern District of California